# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TYRELL C. WELLS,<br><br>Defendant. | Case No. 10-MJ-91<br><br>ORDER FOR PRETRIAL DETENTION |

On the 26th day of April, 2010, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Patrick J. Reinert. The Defendant appeared personally and was represented by his attorney, Cory Goldensoph.

## RELEVANT FACTS

On April 21, 2010, Defendant Tyrell C. Wells was charged by Criminal Complaint (docket number 2) with distribution of five grams or more of crack cocaine. Officer Brian Furman of the Cedar Rapids Police Department, who is currently assigned to the DEA drug task force, testified regarding the circumstances underlying the instant charge. Furman testified regarding a series of controlled purchases of crack cocaine from Defendant in February and March, 2009. Special Agent Kyle Bassett of the DEA task force made controlled purchases of crack cocaine from Defendant on February 13, February 18, February 26, March 24, and March 30, 2009. On each occasion, Agent Bassett purchased approximately one ounce of crack cocaine. At the first transaction, Defendant appeared to be carrying a concealed weapon. At the second transaction, Defendant talked about selling Bassett a weapon. At the third transaction, Defendant displayed a firearm. The task force did not have any further contact with Defendant since March 30, 2009 (more than one year ago), until his recent arrest.

According to the pretrial services report, Defendant is 19 years old and resides with his mother in Waterloo. Defendant has never been married, but has a five-month-old son. Defendant does not pay child support. Defendant was employed at The Other Place until three weeks prior to his arrest, when he quit so he "could concentrate on earning his GED."

Defendant is in good physical health and has no history of mental health problems. Defendant told the pretrial services officer he has consumed marijuana since age 16, and admitted he last used about 4 or 5 days prior to his arrest. Defendant occasionally consumes alcohol, but indicated that his alcohol consumption has not been problematic.

At age 16, Defendant was charged in juvenile court with carrying weapons. Initially, the juvenile probation officer attempted to informally discharge that offense, but while the case was pending, Defendant provided several urine specimens which tested positive for marijuana and was arrested for possession of alcohol under age. At that time, Defendant was adjudicated delinquent for carrying weapons and placed on probation. Defendant, who is described by his state probation officer as "very bright," did very well on probation and became a leader in the "day treatment" program that he was placed in. Defendant was discharged from probation on December 15, 2008.

However, as noted above, Defendant made five controlled sales of crack cocaine to an undercover officer in February and March, 2009, shortly after being discharged from probation. In March 2010, Defendant was convicted of disorderly conduct – fighting or violent behavior. On April 4, 2010, Defendant was charged in state court with carrying weapons, possession of marijuana, interference with official acts, and criminal mischief in the fifth degree. Those state court charges are still pending. When Defendant appeared for his initial appearance in state court, he was arrested on the instant criminal complaint.

## DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984,

while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). It must first determine by a preponderance of the evidence whether defendant has been charged with a certain type of offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

In seven enumerated circumstances, a judicial officer must hold a hearing to determine whether any release condition or combination of release conditions will reasonably assure the appearance of defendant as required and the safety of the community. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, serious drug offenses, and felonies involving minor victims. 18 U.S.C. § 3142(f)(1). The last two enumerated circumstances where a hearing is required involve "risk factors." 18 U.S.C. § 3142(f)(2). In this case, Defendant is charged with distribution of five grams or more of crack cocaine, one of the offenses found in § 3142(f)(1).

If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's

3

evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Kisling*, 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

Turning to the facts in the instant action, Defendant is charged with distribution of five grams or more of crack cocaine on March 24, 2009. The evidence against Defendant is strong. The controlled purchase was made by an undercover officer. In fact, the testimony of Officer Furman suggests that the purchase on March 24, 2009 was one of five controlled purchases from Defendant within approximately six weeks. During at least one of those transactions, Defendant was carrying a weapon, which he displayed to the undercover officer. Defendant was also adjudicated delinquent for carrying weapons two years earlier. Defendant has lived in Waterloo virtually all of his life and the Court believes that it is unlikely Defendant would flee. Given Defendant's fondness for firearms, however, and given his involvement in the distribution of controlled substances, the Court believes that his release would pose a danger to the community.

The Government has the burden of proof in this regard. It is aided in this case, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e). If the Court finds there is probable cause to believe that the person committed an offense, for which a

maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of the community. At the hearing, the Court found that there is probable cause to believe that Defendant committed the offense described in the Criminal Complaint. In a "presumption case," the defendant bears a limited burden of production--not a burden of persuasion--to rebut the presumption by coming forward with evidence he does not pose a danger to the community. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to this factor, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is

confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

DATED this 27th day of April, 2010.

_____
JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA